16-823
Jiang v. Sessions

BIA
Loprest, IJ
A200 804 159

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand seventeen.

PRESENT:
GUIDO CALABRESI,
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,
*Circuit Judges.*
_____

XIUPING JIANG,
*Petitioner,*

v.                                                    16-823
NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*
_____

FOR PETITIONER:          Lewis G. Hu, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Jessica
                         E. Burns, Senior Litigation Counsel;
                         John F. Stanton, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiuping Jiang, a native and citizen of the People's Republic of China, seeks review of a February 29, 2016, decision of the BIA affirming an October 9, 2014, decision of an Immigration Judge ("IJ") denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiuping Jiang,* No. A200 804 159 (B.I.A. Feb. 29, 2016), *aff'g* No. A200 804 159 (Immig. Ct. N.Y.C. Oct. 9, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). As discussed below, the agency did not err in concluding that Jiang failed to establish a well-founded fear of persecution.

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, which is "a subjective fear that is objectively reasonable." *Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009)(quoting *Tambadou v. Gonzales*, 448 F.3d 298, 302 (2d Cir. 2006); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("For an asylum claim, the applicant must show a reasonable possibility of future persecution." (internal quotation marks omitted)). "An asylum applicant can show a well-founded fear of future persecution in two ways: (1) by demonstrating that he or she 'would be singled out individually for persecution' if returned, or (2) by proving the existence of a 'pattern or practice in [the] . . . country of nationality . . . of persecution of a group of persons similarly situated to the applicant' and establishing his or her 'own inclusion in, and identification with, such group.'" *Y.C.*, 741 F.3d at 332 (quoting 8 C.F.R. § 1208.13(b)(2)(iii)) (alterations and omissions in original).

First, the agency did not err in concluding that Jiang failed to show a reasonable possibility that she would be singled out individually for persecution. *See Huang v. INS*,

3

421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record," a fear of persecution is not objectively reasonable and is "speculative at best.").  "[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in [her] country of nationality are either aware of [her] activities or likely to become aware of [her] activities."  *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).  As the agency concluded, Jiang failed to make this showing because she did not assert that Chinese authorities are aware of her religious practice.  Nor did she demonstrate that Chinese authorities are likely to become aware of her current religious practice in the United States or her prospective practice in China.  Jiang presented little evidence of her religious practice in the United States, calling no witnesses from either church she attended and providing no details about how the Chinese government became aware of her sister's practice of Christianity.  Contrary to Jiang's arguments on appeal, the IJ did not err in affording diminished weight to the letters from Jiang's mother and sister.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight afforded

4

to an applicant's evidence "lie[s] largely within the discretion of the IJ" (internal quotation marks omitted); *Y.C.*, 741 F.3d at 334 (upholding agency's determination that letter from relative in China was entitled to limited weight because it was unsworn and submitted by an interested witness). And the IJ recognized the distinction between authorized and unauthorized churches at the outset, but reasonably found Jiang's evidence insufficient given country conditions evidence that tens of millions of people in China practice Christianity in unauthorized churches.

Second, the agency did not err in concluding that Jiang failed to establish a pattern or practice of persecution of Christians in China. To establish a pattern or practice of persecution against a particular group, an applicant must demonstrate that the harm to that group is "systemic or pervasive." *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *see Mufied v. Mukasey*, 508 F.3d 88, 92-93 (2d Cir. 2007) (accepting the BIA's standard as reasonable, while noting that "[w]ithout further elaboration [the standard does not make clear] how systemic, pervasive, or organized persecution must be before the Board would recognize it as a pattern or

5

practice"). Here, the agency reasonably found that religious activities, such as attending underground churches or proselytizing, are not punished or restricted nationwide. The State Department's 2012 International Religious Freedom Report on China stated, for example, that "[i]n some parts of the country . . . local authorities tacitly approved of the activities of unregistered groups and did not interfere with them," and it did not discuss any incidents of religious persecution in Jiang's home province of Fujian. The 2010 ChinaAid Annual Report lists incidents of religious persecution by province and identifies only one in Fujian province. Given the nationwide variation and dearth of documented persecution in Jiang's home province, the agency reasonably concluded that Jiang failed to establish a pattern or practice of persecution of Christians in China. *Cf. Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142, 149 (2d Cir. 2008)(finding no error in BIA's evidentiary framework that an applicant demonstrate that enforcement of family planning policy is carried out in his or her local area in a manner that would give rise to a well-founded fear of persecution because of local variations in the enforcement of that policy); *see also Santoso v. Holder*, 580

6

F.3d 110, 112 (2d Cir. 2009) (affirming agency's finding of no pattern or practice of persecution of Catholics in Indonesia where evidence showed that religious violence was not nationwide and that Catholics in many parts of the country were free to practice their faith).

Because the agency reasonably found that Jiang failed to demonstrate a well-founded fear of persecution, it did not err in denying asylum or in concluding that Jiang necessarily failed to meet the higher burden required for withholding of removal or CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

Finally, we lack jurisdiction to review Jiang's challenge to the Government's refusal to support a joint remand to the BIA. *See* 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien."); *see also Wayte v. United States*, 470 U.S. 598, 607 (1985) (observing "that the decision to prosecute is particularly ill-suited to judicial review").

7

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk